First National Bank & Trust Company *v.* Jaffe, Admrx. (et al., Aplnt.).

Argued April 9, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Maurice L. Avner,* for appellants.

E. J. T. *Gannon,* of *Hazlett, Gannon & Walter,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

This is an appeal from a decree ordering appellant to pay a sum found due on an accounting. Frank Jaffe, during his lifetime, owed the First National Bank & Trust Company of Tarentum $5,500 on a note secured by assigned bailment leases. On the death of Jaffe his administratrix sold the equity in the leases to Joseph Shenkan, appellant, subject to the bank's debt. Thereafter the debt being in default, the bank caused the collateral to be sold and purchased it. Shenkan, having collected money due on the leases, challenged the bank's lien on the ground of invalidity of the assignment. The latter filed a bill in equity praying for an accounting of all sums collected under the leases. The court below sustained Shenkan's contention and refused to order an accounting. The Superior Court reversed (see *First Nat. Bank, etc., v. Jaffe,* 114 Pa. Superior Ct. 315) and held that the assignments were valid and that the bank took an absolute title by virtue of the sale. It remanded the case for an accounting and Shenkan was directed to pay $3,090.66 with interest.

Appellant contended that certain credits should be allowed and that the bank was not entitled to the proceeds from the leases after its debt had been paid. The court below ruled against appellant on these points and we are now asked to consider these questions.

There is no merit in the contention that certain credits to which appellant was entitled were not given full consideration. The court en banc stated that "there is nothing in the record to sustain the claim of these credits, and defendant [appellant] is not in a position to assert them." Our examination of the record shows this conclusion to be correct.

As to the second contention that the bank was not entitled to realize from the leases an amount in excess of the debt for which the leases were pledged as collateral, the Superior Court found that the absolute title to the leases had vested in the bank, and that it was entitled to all proceeds accruing therefrom irrespective of the fact that it might realize more than the debt for which the collateral had been pledged: see *First Nat. Bank v. Jaffe*, supra, at page 324. The question before that court was who had title to the leases. Its decree conclusively established the fact that the bank owned the leases and that decree is binding on all other courts in which the same issue is raised: *Com. v. Speer*, 267 Pa. 129; *Fine v. Soifer*, 288 Pa. 164, 173. When a court passes on a question properly before it, its judgment, unappealed, is final and conclusive. All other courts wherein the same question may be raised will be bound thereby.

The equity assigned to appellant rose no higher than the equity that was in the assignor as representative of decedent. When the bank foreclosed on its collateral and sold it, becoming the purchaser, it was accountable to no one for any profit which it might subsequently realize from such purchase even though it received more than its debt. The sale was fair, its validity was never challenged and, under these circumstances, the bank was the absolute owner to the same extent as though it had been originally named in the leases. Equity is powerless to aid in circumstances of this character where to do so would deprive appellee of a legal right: *Colonial Trust Co. v. Central Trust Co.*, 243 Pa. 268; *Plucker v. Teller*, 174 Pa. 529. The underlying facts having been found against the appellant and there being evidence to sustain the findings, they will not be disturbed here on appeal.

The decree of the court below is affirmed at appellant's cost.