Commonwealth ex rel. Turpack *v.* Ashe, Warden.

404

OPINION BY MR. JUSTICE MAXEY, September 30, 1940:

Relator avers that he was illegally sentenced on January 24, 1933, in the Court of Oyer and Terminer of Allegheny County. On that date he was sentenced for the following crimes:

(a) No. 7 November Term, 1932, for the crime of Robbery and Receiving Stolen Goods, to a term of not less than 20 years and not more than 40 years.

(b) No. 8 November Term, 1932, for the crime of Robbery and Receiving Stolen Goods, to a term of not less than 20 years and not more than 40 years, sentence to begin at the expiration of the preceding sentence.

(c) No. 12 November Term, 1932, for the crime of Murder in the Second Degree, to a term of not less than 20 years and not more than 40 years, sentence to begin at the expiration of the preceding sentence.

(d) No. 10 November Term, 1932, for the crime of Robbery and Receiving Stolen Goods, to a term for and during the period of his natural life. This sentence to run concurrently with sentences imposed at No. 7, 8 and 12 November Term, 1932.

The relator claims that under the Act of April 29, 1929, P. L. 854, the court should have vacated and set aside all the sentences (a), (b) and (c) at the time the life sentence was imposed.

We discussed the above Act of 1929 in the case of *Com. ex rel. Dugan v. Ashe,* 338 Pa. 541. In that case we vacated the preceding sentences of a "fourth offender" in order that the life sentence should take effect immediately. The facts in that case differ from the facts in the instant case in that here the four offenses were committed on the same date.

We agree with what the Superior Court said in *Com. v. Sutton,* 125 Pa. Superior Ct. 407, that the fourth offense which makes section 2 of the Act of 1929 operative, "must be committed after the third conviction." That court said further: "The language 'after having been three times convicted' would have little force or meaning unless these convictions occurred prior to the commission of the fourth offense. The act does not contemplate life imprisonment for a person convicted of the commission of four offenses, but contemplates a fourth offense committed after he had been three times convicted."

Since the life sentence in the instant case was imposed for a fourth offense *not* committed *after* the third *conviction,* the life sentence in this case was improperly imposed.

It is ordered that the sentence to imprisonment for life indexed to No. 10 November Term, 1932, of the Court of Oyer and Terminer of Allegheny County, be vacated and the court is directed to re-sentence the prisoner on that indictment, according to law.