Commonwealth ex rel. Billings *v.* Ashe, Warden.

210

OPINION BY KELLER, P. J., April 16, 1941:

The sentence from which the relator by this petition for writ of habeas corpus seeks to be discharged was imposed pursuant to an order of the Supreme Court entered December 9, 1938 in a prior habeas corpus proceeding filed by him in that court—No. 1014 Miscellaneous Docket. It is to be presumed that all questions concerning the legality of his imprisonment were presented by him to that court and were considered by it.

However, we have examined the two grounds for discharge advanced in the present petition and find no merit in either of them.

(1) The relator admittedly pleaded guilty in the Court of Oyer and Terminer of Allegheny County to indictments duly presented to the grand jury and *returned as true bills*. There is no requirement in the law that a plea of guilty, made in open court, on such an indictment must be entered on the indictment and signed by the defendant. While it is the practice in

some counties and is recommended, as a means of avoiding subsequent dispute, it is not required. The cases relied on by relator were concerned with 'indictments' prepared by the district attorney under the Act of April 15, 1907, P. L. 62, and not submitted to a grand jury, as to which the statute provides that "the plea of guilty shall, at the request of the said defendant, or defendant's counsel, be entered thereon," that is on the 'indictment'.

(2)    The constitutional right of one accused of crime "to be heard by himself and his counsel" (Art. I, Sec. 9), does not require the court to appoint counsel to defend or represent such an accused who enters a plea of guilty without trial: *Com. ex rel. Curtis v. Ashe,* 139 Pa. Superior Ct. 417, 12 A. 2d 500.

The rule is discharged and the petition denied.