## Commonwealth ex rel. Nedeau v. Ashe, Warden.

PER CURIAM, April 21, 1941:

On March 25, 1941, on the relator's petition, this court granted a rule to show cause why a writ of habeas corpus should not issue and he be discharged, returnable at the next sitting of the Court, April 14, 1941. Answers have been filed by the respondent Warden and by the District Attorneys of Centre County and of Allegheny County.

It appears that on December 8, 1931, he was sentenced by the Court of Oyer & Terminer of Allegheny County on convictions of burglaries charged in each of four bills of indictment, Numbers 98, 99, 100 and 101, No-

vember Term, 1931, to the Western State Penitentiary for terms of not less than one year nor more than three years, and by the Quarter Sessions of the same county, on conviction of larceny charged in indictment Number 962 of November Term, 1931, to a term in the same penitentiary of not less than one year nor more than three years, the terms to be consecutive.

On September 28, 1932, the relator was transferred to the Rockview branch of the Penitentiary at Centre County where he was assigned to work as a cook in the barracks of the State Police located on the penitentiary property; he there stole two revolvers, some clothing and other property; he, with another, then stole an automobile and escaped. He was caught in California, was returned to Centre County, was there indicted, convicted, and sentenced as follows:

No. 149 September Sessions, 1933—breaking and escaping penitentiary—5 to 15 years, to be computed from sentence imposed by QS Court of Allegheny County.

No. 163 September Sessions, 1933—entering and larceny—2 to 4 years, to be computed from expiration of sentence to No. 149 September Sessions, 1933.

No. 164 September Sessions, 1933—entering and larceny—2 to 4 years, to be computed from expiration of sentence to No. 163 September Sessions, 1933.

No. 165 September Sessions, 1933—entering and larceny—2 to 4 years, to be computed from expiration of sentence imposed at No. 164 September Sessions, 1933.

No. 166 September Sessions, 1933—larceny of automobile—5 to 10 years, to be computed from expiration of sentence imposed at No. 165 September Sessions, 1933.

In March, 1940, he filed a petition in the Superior Court of Pennsylvania, No. 133 Miscellaneous Docket, for a writ of habeas corpus, setting forth that he was unlawfully detained. That court held that the lumping by the penitentiary authorities of the sentences imposed in the Oyer & Terminer and Quarter Sessions Courts of Allegheny County to an aggregate of from not

less than 5 to not more than 15 years was at that time erroneous *(Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229) and remanded the relator to the Court of Quarter Sessions of Centre County in which he had been sentenced on the five bills referred to above, for the correction of the sentence on bill No. 149.

It appears by the answer of the Warden that, on April 7, 1941, the relator was re-sentenced by the Court of Quarter Sessions of Centre County on indictment No. 149 to a term of 1 to 3 years, to be computed from the expiration of the sentence imposed by the Court of Quarter Sessions of Allegheny County at No. 962 November Session, 1931.

As to the indictments in the Court of Quarter Sessions of Centre County, numbered from 163 to 166 inclusive, referred to above, the Superior Court said: "We find no merit in the relator's contention that these offenses were only a continuation of the offense of breaking and escape from prison and were merged in that offense. There is nothing in the records sent up with the answers to this court to show that the charges of breaking and entering with felonious intent did not constitute separate and distinct acts. They show that there was a separate and distinct prosecutor on each indictment. While they were all committed on the same day, there is nothing in the records which requires a finding that they were not separate and distinct offenses. See *Com. ex rel. Otten v. Smith,* 126 Pa. Superior Ct. 238, 240, 190 A. 525. Nor did they merge in or become part of the crime of breaking prison and escape, any more than a homicide committed in order to escape recapture would have merged in prison break and escape." No appeal was taken from that decision.

It is settled that proceedings for a writ of habeas corpus are not a substitute for an appeal: *Com. ex rel. Penland v. Ashe,* 341 Pa. 337, and cases cited in that opinion. As the relator has not yet completed serving the terms imposed, the rule to show cause is discharged.