## Commonwealth ex rel. Dugan *v.* Ashe, Warden.

PER CURIAM, April 21, 1941:

This application for a writ of habeas corpus was returnable April 14, 1941. Answers have been filed by respondent Warden and by the District Attorney of Allegheny County.

The relator's extensive criminal record appears in *Com. ex rel. Dugan v. Ashe, Warden,* 338 Pa. 541, 13 A. 2d 523, disposing of his former petition for a similar writ. It appeared that with unexpired sentences of from "40 to 80 years, plus back time for parole violation of 22 years and 9 months," the relator was sentenced

to life imprisonment under section 2 of the Act of April 29, 1929, P. L. 854, 19 PS § 922.[1]  In that proceeding the relator complained that, while sentencing him under section 2, the court had failed to comply with section 4 by not vacating previous sentences imposed on him. This Court thereupon corrected the omission by vacating the sentences imposed in 1921 and 1923 and directed that the sentence of life imprisonment "shall take effect immediately."

There was not then, and there is not now, any suggestion that the crimes for which he was sentenced were not within the statute, nor did he complain that he was not the defendant convicted in the prior proceedings or that the record was in any respect deficient.

His present application is based on the proposition that, conceding his identity and that the crimes were within the statute, he should not have been sentenced to life imprisonment under section 2 unless the district attorney first filed an information with notice as provided in section 4 and that for want of such information, he must now be discharged. Section 4, in part, provides: "If at any time within two years, either after conviction or sentence, it shall appear that a person convicted of any of the crimes set forth in section one of this act has previously been convicted of any such crimes three or more times, it shall be the duty of the district attorney of the county in which the last conviction was had to file an information accusing the said person of such previous convictions, and to serve a copy of such information upon the defendant thirty days be-

---

[1] Section 2 provides: "A person who, after having been three times convicted, within or without this Commonwealth, of crimes of the character above set forth, or of attempt to commit any such crimes, shall, upon conviction of any such crimes for a fourth or subsequent offense committed within five years after the prior offense, be sentenced, in the discretion of the judge trying the case, to imprisonment in a State penitentiary for the term of his natural life."

fore taking any further proceedings in court as hereinafter set forth. Thereupon the court in which the last conviction was had shall cause the said person whether confined in prison, penitentiary or otherwise, to be brought before it, and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person, or refuses to answer, or remains silent, his plea or the fact of his silence shall be entered on record, and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person, or if he acknowledges or confesses in open court after being duly cautioned as to his rights that he is the same person, the court may sentence him to imprisonment for life prescribed in section two of this act, and shall vacate any previous sentence notwithstanding that the term of court in which the last sentence was imposed may have expired. . . ."

The relator bases his contention that there was no information on a letter[2] written to him by the clerk

[2]                 COUNTY OF ALLEGHENY
Office of the        PITTSBURGH, PA.
  CLERK OF COURTS
                     January 20, 1941.
WILLIAM Z. CLARK
Clerk of courts.

Raymond Dugan
B-6534 North Side Station
Pittsburgh, Penna.
Dear Sir:
    I am returning, herewith, your requests of January 6, 1941 wherein you asked for a Certified Copy of an Information alleged to have been made by the District Attorney of a former conviction. I have searched all of the indictments in the various cases

of courts of Allegheny County. If for present purposes, we assume that no information was filed, that omission, in the circumstances disclosed by the record, will not vitiate the sentence. It is of course true, as relator argues, that penal statutes must be strictly construed, but that also means, as has frequently been said, that they must be construed with common sense. The relator's identity, as the person formerly convicted, must be regarded as "acknowledged" or "confessed" (to use the words of the Act) both by his former proceeding and also by this one. Presumably, he was cautioned by the court as the Act provided; as no issue appeared, there was none to try and it became the duty of the court to pass sentence under the Act of 1929. Nothing would be gained by now sending the record down for a trial as to identity; it clearly appears that the omission, if one be assumed, was harmless error.

The rule to show cause is discharged.

---

upon which you have been tried and failed to find any written information of the above nature.

It seems that the District Attorney had called the attention of the Court when you were tried on the case wherein you had been convicted and sentenced. There is nothing written or printed on the indictment filed by the District Attorney against you of any former conviction.

Also enclosed, herewith, please find a voucher for One ($1.00) Dollar.

Very respectfully yours,
(signed) William Z. Clark
William Z. Clark,
Clerk of Courts.

AS : DLB