## Commonwealth ex rel. Dugan, Appellant, *v.* Ashe, Warden.

Argued November 16, 1942.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, P. J.

*Robert R. Wertz,* for appellant.

*Louis L. Kaufman,* with him *Russell H. Adams,* District Attorney, and *Geo. F. P. Langfitt,* 1st Asst. District Attorney, for appellee.

Opinion by Keller, P. J., February 26, 1943:

This is an appeal by a convict under sentence of life imprisonment—imposed pursuant to the Act of April 29, 1929, P. L. 854,[1]—from the order of the Court of Common Pleas of Allegheny County dismissing his petition for discharge from confinement on a writ of habeas corpus.

He had previously presented two such petitions to the Supreme Court of this Commonwealth, 338 Pa. 541, 13 A. 2d 523, and 342 Pa. 77, 19 A. 2d 461, and following the refusal of that court to discharge him on the second petition, he applied to the Supreme Court of the United States for a writ of certiorari directed to the Supreme Court of Pennsylvania, which was refused, 314 U. S. 610—rehearing denied, 314 U. S. 712.

The appellant (relator) has a long criminal record.

---

[1] Repealed by the Penal Code of 1939, P. L. 872, which substantially re-enacted its provisions. See *Haspel v. O'Brien,* 218 Pa. 146, 67 A. 123.

It is set forth with some particularity in the opinion of the Supreme Court in 338 Pa. 541. Some additional details are supplied in this record.

It appears that on December 20, 1921 he was tried and found guilty on two bills of indictment in the Quarter Sessions of Allegheny County charging felonious entering of buildings and larceny, and was sentenced to the Huntingdon Reformatory.

After his release from that institution he was engaged in several robberies while armed with an offensive weapon, in one of which a man was killed.

He was tried for murder (No. 106 November Term 1923, Oyer and Terminer) and, on March 17, 1924, was found guilty of murder in the second degree, but was not sentenced until April 21, 1925, when he was committed to the western penitentiary for a term of eight to sixteen years.

He was tried for robbery on indictment No. 120 November Term 1923, Oyer and Terminer, and was found guilty on April 13, 1925.

On April 14, 1925 he pleaded guilty to three additional indictments charging him with robbery (Nos. 118, 119, 121 November Term 1923, Oyer and Terminer), and was sentenced on April 21, 1925 to the following terms, to take effect after the expiration of sentence on No. 106, and to run *consecutively*, viz., No. 118, 3 to 6 years; No. 119, 3 to 6 years; No. 120, 2 to 4 years; No. 121, 2 to 4 years.

On July 24, 1934, he was paroled, but on February 21, 1938 he was returned to the penitentiary for violation of his parole.

On July 24, 1938 he was again paroled.

While out on parole he committed several robberies while armed with an offensive weapon, for which he was indicted and tried in the Court of Oyer and Terminer of Allegheny County and found guilty, to wit: No. 15 November Term 1938, verdict rendered January 10,

1939—sentenced, January 20, 1939, to 20 to 40 years, to take effect at the expiration of sentence that defendant was serving for violation of parole, to wit, 22 years and 9 months, to be computed from date of last commitment, November 25, 1938.

No. 50 December Term, 1938, verdict rendered January 5, 1939—sentenced, January 20, 1939, to 20 to 40 years, to begin at expiration of sentence to No. 15 November Term 1938.

No. 54 December Term 1938, verdict rendered January 13, 1939—sentenced, January 20, 1939, to the said penitentiary for the period of his natural life, to begin and take effect at the expiration of sentence to No. 50 December Term 1938.

Section 2 of the Act of 1929, supra, provides as follows: "A person who, after having been three times convicted, within or without this Commonwealth, of crimes of the character above set forth, [including entering with intent to steal, robbery and murder] or of attempt to commit any such crimes, shall, upon conviction of any such crimes for a fourth or subsequent offense, committed within five years after the prior offense, be sentenced, in the discretion of the judge trying the case, to imprisonment in a State penitentiary for the term of his natural life."

On April 23, 1940, he filed his first petition for writ of habeas corpus in the Supreme Court. He averred that he had been *illegally sentenced* on No. 54 December Term 1938 for the following reasons:

(a) That all the provisions and terms of the Act of 1929 had not been complied with.

(b) That the presiding judge had not vacated and set aside all previous sentences as prescribed by section 4 of said Act.[2]

___

[2] Section 4 of the Act of 1929 authorizes the district attorney to file an information within two years after defendant's "conviction or sentence", accusing him of having been convicted

It will be noted that the petition did not attack the legality of any of the above-recited sentences imposed on the relator, except the last—No. 54 December Term 1938—which was for life imprisonment, but did assert the illegality of that sentence. It is true that the precise ground of illegality on which he relies in the present proceeding was not specifically averred in that petition, but the *facts* on which his present petition is based were not only presented to the Supreme Court but were recited at length in the opinion of Mr. Justice MAXEY—now the Chief Justice—speaking for the Supreme Court in 338 Pa. 541; and knowing the great care given by that court to such proceedings,[3] we are satisfied that the matter now before us must have been considered by that court. In any event, it could have been considered and passed upon in that proceeding. See note 2 supra.

It is well settled that a judgment, unappealed from, is final and conclusive, not only as to all matters specifically raised, but also as to all such as properly could have been raised and considered: *Com. ex rel. v. Kelly,*

---

three or more times of any of the crimes enumerated in section 1, and provides for a hearing or trial as to whether he is the same person who was so previously convicted, and if he acknowledges or confesses in open court, or if the jury finds, that he is the same person, then "the court may sentence him to imprisonment for life prescribed in section two of this act, and shall vacate any previous sentence notwithstanding that the term of court in which the last sentence was imposed may have expired. Such sentence shall be reviewable on appeal by the Supreme or Superior Courts, not only as to alleged legal errors but also as to the justice thereof, and, where any such defendant is indigent, the costs of appeal, together with reasonable counsel fee, shall be paid by the Commonwealth."

[3] See *Com. ex rel. Turpack v. Ashe, Warden,* 339 Pa. 403, 15 A. 2d 359, where the court, speaking through the same Justice, vacated the sentence of life imprisonment because it had been illegally imposed, although the relator had only asked to have the sentences other than his life sentence vacated.

287 Pa. 139, 143, 134 A. 514; *Bell v. Allegheny County,* 184 Pa. 296, 39 A. 227; *State Hospital v. Consolidated W. S. Co.,* 267 Pa. 29, 37, 110 A. 281; *First Nat. Bk. & Trust Co., v. Jaffe,* 322 Pa. 144, 146, 185 A. 228.

In considering relator's petition, the Supreme Court ruled that the provision in section 4 relating to the vacation of prior sentences, in connection with a sentence of life imprisonment, applied to life sentences imposed under section 2, without an information, and held that the sentence imposed under No. 54 December Term 1938 "was incomplete in that previous sentences were not vacated as section 4 of the Act of 1929 requires. The sentence can be completed by order of this court in conformity with the requirement above stated."

Accordingly the court entered the following judgment: "The aforesaid sentences of imprisonment under proceedings indexed, respectively, to No. 15 November Term, 1938, of the Court of Oyer and Terminer of Allegheny County, to No. 50 December Term, 1938, of the same court, and the sentences imposed in 1921 and 1923, as above cited, are now vacated, and the sentence imposed on January 20, 1939, in proceedings indexed to No. 54 December Term, 1938, of the Court of Oyer and Terminer of Allegheny County, shall take effect immediately."

No appeal therefrom was asked for or motion for rehearing or re-argument was made, and the *judgment of the Supreme Court became effective as of its date,* May 22, 1940.

Thereafter the relator was confined in the penitentiary not merely under the judgment and sentence of the Court of Oyer and Terminer of Allegheny County, but also under the judgment of the Supreme Court.

On March 24, 1941, the relator presented his second petition to the Supreme Court asking for a writ of habeas corpus, in which he set forth six alleged grounds for discharge, among them, (2) that "seven days after

conviction, he was made to appear before the court and sentenced to life imprisonment, in excess of the power of the court (without proper indictment or information as required by law)" and (4) that the District Attorney did not comply with the provisions of section 4 in that he did not file the information required by said section, nor give notice or have a hearing or trial as therein provided; and (5) that the sentencing court disregarded the rights and privileges of the relator in assuming jurisdiction without the observance of the formalities provided by said Act of 1929.

The Supreme Court discharged the rule to show cause granted on said petition, stating that there was no issue to try as his petition, in effect, admitted his identity with the person convicted of the prior offenses. See 342 Pa. 77, supra.

The ground for discharge set forth in his present petition for writ of habeas corpus is that it does not appear that a period of time—not exceeding five years—elapsed between each of three prior *convictions,* which with the last, No. 54 December Term 1938, made up his four convictions.

There was a period of a year or two between his convictions of felonious entering in 1921 and his trial and verdict of guilty of murder on March 17, 1924, on which he was sentenced on April 21, 1925.

On April 13, 1925 he was tried on indictment No. 120 November Term 1923 and was found guilty, and thereafter, on April 14, 1925 he pleaded guilty to Nos. 118, 119 and 121 and was sentenced on April 21, 1925 as above set forth.

Between those convictions and his trial and verdict of guilty on January 5, 1939 on No. 50 December Term, 1938, and his trial and verdict of guilty on January 10, 1939 on No. 15 November Term 1938, and his trial and verdict of guilty on January 13, 1939 on No. 54 December Term, 1938, and his respective sentences

thereunder on January 20, 1939, there was a period of about four years that he was out on parole.

All these matters were before the Supreme Court and were no doubt considered by it in entering its judgment of May 22, 1940. They were proper for consideration in that proceeding under his averment that his sentence to life imprisonment was illegal.

In *Com. ex rel. Turpack v. Ashe, Warden*, 339 Pa. 403, 405, 15 A. 2d 359, the Supreme Court approved our ruling in *Com. v. Sutton*, 125 Pa. Superior Ct. 407, 189 A. 556, saying: "We agree with what the Superior Court said in *Com. v. Sutton*, 125 Pa. Superior Ct. 407, that the fourth offense which makes section 2 of the Act of 1929 operative, 'must be committed after the third conviction'. That court said further: 'The language "after having been three times convicted" would have little force or meaning unless these convictions occurred prior to the commission of the fourth offense. The act does not contemplate life imprisonment for a person convicted of the commission of four offenses, but contemplates a fourth offense committed after he had been three times convicted'."

The record in this proceeding shows a *literal* compliance with that language.

It shows that the relator had been twice convicted of feloniously entering a building and of larceny in 1921; a conviction of murder in the second degree in 1925, following a verdict of guilty in 1924, and four convictions of robbery while armed with an offensive weapon, etc. in 1925, under which he was confined in the penitentiary until 1934,[4] when he was released on parole. In 1938 he committed the robberies, while armed with an offensive weapon, which led to his con-

---

[4] By section 3 of the Act of 1929, any period of servitude in a penal institution shall not be included in computing the five year period between the previous sentences and the sentence of life imprisonment.

victions on indictments No. 15 November Term 1938 and Nos. 50 and 54 December Term 1938, and his sentence to life imprisonment on January 20, 1939, as modified by the judgment of the Supreme Court on May 22, 1940.

But whether it is a compliance with the provisions of the statute, or not, we consider the matter *res judicata* and settled by the judgment of the Supreme Court in 338 Pa. 541, which, on a petition raising the legality of the sentence, vacated the prior legal and valid sentences imposed on the relator and ordered the sentence of life imprisonment previously imposed on January 20, 1939 to become effective May 22, 1940. Certainly it is not the province of this court to review that judgment. See *Com. ex rel. Nedeau v. Ashe,* 342 Pa. 46, 19 A. 2d 462; *Com. ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. 2d 464; *Com. ex rel. Foster v. Ashe,* 146 Pa. Superior Ct. 482, 23 A. 2d 245; *Com. ex rel. Billings v. Ashe,* 144 Pa. Superior Ct. 209, 19 A. 2d 749; *Com. ex rel. Lewis v. Ashe,* 142 Pa. Superior Ct. 357, 16 A. 2d 433.

Any other ruling would encourage the sharp practice of which this appellant has been guilty.[5] For by his several petitions he has induced the Supreme Court to vacate all his prior legal sentences, which would have kept him confined in the penitentiary for the average man's lifetime, on the theory that this was necessary to make his last sentence legal and valid, and having wiped the slate clean of all prior legal and valid sentences, he now asks to be freed of the sentence of life imprisonment thus validated at his own motion, the effect of which would be to send him forth a free man,

---

[5] The counsel who, at our request, so ably argued this case for the appellant was not concerned in this 'sharp practice'; he was not in the case until we asked him to represent the relator in his appeal.

discharged of all the penalties justly visited upon him because of his criminal conduct.

If this is to be done it will have to be done by the Supreme Court, which in so doing, could at the same time vacate its prior order of May 22, 1940 and reinstate the sentences previously imposed prior to the sentence of life imprisonment on January 20, 1939.

Appeal dismissed.