Commonwealth ex rel. Dugan *v.* Ashe, Warden.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1943:

This is a petition for a rehearing. The petitioner has previously presented two petitions for writs of habeas corpus to this court. See *Com. ex rel. Dugan v. Ashe, Warden,* 338 Pa. 541, 13 A. (2) 523, and also under the same caption see 342 Pa. 77, 19 A. (2) 461. Upon the refusal of this court to release him he unsuccessfully petitioned the Supreme Court of the United States for a Writ of Certiorari. A petition for a rehearing was also denied. (See 314 U. S. 610 and 314 U. S. 712.)

He also petitioned the Court of Common Pleas of Allegheny County for a discharge on a writ of habeas

corpus. From an order of denial he appealed to the Superior Court, where he was represented by counsel. That court in a very comprehensive and careful opinion by President Judge KELLER after reviewing this man's "long criminal record", which included one sentence for murder in the second degree, four sentences for robbery while armed with a deadly weapon, and two for other serious offenses, held: "The matter is *res judicata* and settled by the judgment of the Supreme Court in 338 Pa. 541." In the case reported in 338 Pa. this court after vacating certain sentences imposed on the relator in order to carry out the provisions of the Act of April 29, 1929, P. L. 854 (the Fourth Offender's Act), ordered that the sentence imposed on this relator on January 20, 1939, in proceedings indexed in No. 54, December Term, 1938, in the Court of Oyer and Terminer of Allegheny County, being imprisonment for life as a fourth offender, "shall take effect immediately". Relator had complained that because the sentence to life imprisonment imposed upon him under Section 2 of the 1929 Act had not been accompanied, as Section 4 of the Act requires, by the vacation of the previous sentences it was invalid. In his opinion President Judge KELLER pertinently says: "Any other ruling [than that then being made by the Superior Court] would encourage the sharp practice of which this appellant has been guilty. For by his several petitions he has induced the Supreme Court to vacate all his prior legal sentences, which would have kept him confined in the penitentiary for the average man's lifetime, on the theory that this was necessary to make his last sentence legal and valid, and having wiped the slate clean of all prior legal and valid sentences, he now asks to be freed of the sentence of life imprisonment thus validated at his own motion, the effect of which would be to send him forth a free man, discharged of all the penalties justly visited upon him because of his criminal conduct."

This man has not only had "his day" in court, he has had *several* "days in court". What Justice BLACK of this court said in 1855 in *Passmore Williamson's Case,* 26 Pa. 9, is pertinent here. "Can it be possible that the law and the courts are so completely under the control of their natural enemies that every class of offenders . . . may be brought before us as often as they please, though we know beforehand, by their own admissions, that we cannot help but remand them immediately? If these questions must be answered in the affirmative, then . . . the half of the Western Penitentiary would be before us in Philadelphia, and a similar proportion from Cherry Hill and Moyamensing would attend our sittings at Pittsburgh. To remand them would do very little good; for a new set of writs would bring them all back again. A sentence to [imprisonment] would be a sentence that the convict should travel for a limited term up and down the state in company with officers who might have him in charge."

This man's long criminal record is set forth in detail in our opinion in *Com. ex rel. Dugan v. Ashe,* 338 Pa. 541. Even this shocking record does not, of course, preclude him from seeking judicial restitution of any legal rights which have been denied him. In all the proceedings which he has carried on in the appellate tribunals of nation and state and in the courts of Allegheny County not a single denial of his rights has been revealed. He was legally and justly sentenced to the penitentiary and the indelibly written record of his anti-social career indicates that he should remain there.

The petition is refused.