Commonwealth ex rel. Dugan, Appellant, *v.* Day.

Argued November 21, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Ezra C. Stiles, Jr.*, with him *Raymond Dugan*, in propria persona, for appellant.

*Albert A. Fiok*, Assistant District Attorney, with him *James F. Malone, Jr.*, District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 26, 1956:

This is an appeal from an order of the Court of Common Pleas of Allegheny County refusing to grant a writ of habeas corpus to a convict serving a life sentence imposed pursuant to the Act of April 29, 1929, P. L. 854, 19 PS §921 et seq. repealed and reenacted as amended by the Act of June 24, 1939, P. L. 872, §1201 and §1108, 18 PS §5108.

Court reports are full of this case. We shall not repeat the details of the appellant's record related in his numerous reported cases which can be found in *Com. ex rel. Dugan v. Ashe*, 338 Pa. 541, 13 A. 2d 523 (1940); 342 Pa. 77, 19 A. 2d 461 (1941); 314 U. S. 610, 62 S. Ct. 69, 86 L. Ed. 491 (1941); 314 U. S. 712, 62 S. Ct. 294, 86 L. Ed. 567 (1941); 151 Pa. Superior Ct. 506, 30 A. 2d 655 (1943); 347 Pa. 588, 33 A. 2d

32 (1943); 57 F. Supp. 158 (1944); 155 F. 2d 17 (1945). For unreported habeas corpus case of the appellant see 2571 July Term 1952, Court of Common Pleas of Allegheny County.

Appellant's record can be summarized as follows: He was sentenced to the Huntingdon Reformatory for two offenses of larceny and felonious entry of a building. After being paroled he committed four robberies and a second degree murder for which he was sentenced to the penitentiary. After serving nine years and two months he had his minimum sentence commuted and was paroled. After being recommitted for violation of parole and later reparoled he committed three additional robberies. For these Judge J. FRANK GRAFF specially presiding in Allegheny County on January 20, 1939 sentenced him to a total of 40 to 80 years, plus back time for parole violation of 22 years and 9 months, and to life imprisonment.

The Pennsylvania Supreme Court in 338 Pa. 541 (1940) upon the request of appellant vacated the sentences imposing the 40 to 80 years and the back time. This could be requested and done only upon the theory that the life sentence was valid.

The appellant then attempted to have the life sentence set aside on the ground that no information with notice as required by the Act of 1929, supra, was filed against him. This the Pennsylvania Supreme Court refused to do in 342 Pa. 77 (1941), and the Supreme Court of the United States denied an allocatur 314 U. S. 610.

Another attempt to have the life sentence set aside was decided against the appellant by this court in 151 Pa. Superior Ct. 506 (1943) in which the late President Judge KELLER stated "we consider the matter *res judicata* and settled by the judgment of the Supreme Court . . ." p. 514.

In the instant case the appellant again raises the same question decided in 342 Pa. 77.[1] He contends that failure to file the information with notice previous to his life sentence was a violation of his constitutional rights. He cites *Com. ex rel. Gryger v. Burke,* 379 Pa. 11, 108 A. 2d 122 (1954) and *United States ex rel. Collins v. Claudy,* 204 F. 2d 624 (1953) as authority for his contention.

Assuming these cases are authority for appellant's contention, in his appeal in Vol. 151 of our reports it was decided that the issue here raised is res judicata. But assuming that his appeal here is not res judicata,[2] and it would now be the court's duty to set aside the judgment of life sentence, or to open it for further proceedings, would the appellant be entitled to a discharge from the penitentiary?

If the life sentence is void, or merely opened, is not then the order setting aside the other sentences void? The other sentences were set aside on the ground

---

[1] He also alleged that he was being subjected to cruel and inhuman punishment because he was confined in a special cell and otherwise denied privileges allowed other prisoners, but he did not press this allegation. He did not before, and does not now, allege that he was not the person named as being convicted and sentenced in the record submitted to Judge GRAFF.

[2] President Judge RHODES in *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 503, 87 A. 2d 74 (1952) said:

"Although habeas corpus is a civil action, it is generally considered that a court in a habeas corpus proceeding involving the discharge of a prisoner is not bound by the legal rule of res judicata. 25 Am. Jur., Habeas Corpus, §156, p. 250; 39 C.J.S., Habeas Corpus, §105, p. 698. Our courts may consider in a subsequent habeas corpus proceeding material and relevant issues not involved and decided in a prior proceeding. See Com. ex rel. Krannacher v. Ashe, 142 Pa. Superior Ct. 162, 15 A. 2d 855. But, where matters have been adjudicated by this Court in a prior appeal, a second appeal involving the same questions has been dismissed. Com. ex rel. Collins v. Claudy, 170 Pa. Superior Ct. 199, 85 A. 2d 663; Com. ex rel. Gibbs v. Claudy, 170 Pa. Superior Ct. 205, 85 A. 2d 621."

that the life sentence was legal. Are the courts so helpless against being defrauded by a convict that they could not reinstate the sentences set aside at the convict's request upon his contention that *both* those sentences *and* a legal life sentence could not stand against him at the same time? If the life sentence is legal appellant is not entitled to a writ of habeas corpus. If the life sentence is not legal and the other sentences are legal, then his minimum sentence, ignoring his back parole time, would not expire until 1979. Under neither circumstance would appellant be entitled to a writ of habeas corpus.

But above all, the Pennsylvania Supreme Court having decided that the appellant's life sentence is legal, it would certainly be presumptuous for us to attempt to set aside its judgment. See *Idell v. Day,* 79 Pa. Superior Ct. 215 (1922).

Order affirmed.