**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dwayne Roy JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1999.
Filed May 26, 1999.

---

Dwayne R. Johnson, appellant, pro se.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before EAKIN, J., MUSMANNO, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 This is an appeal *pro se* from an order denying a request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

¶ 2 Appellant, Dwayne Roy Johnson, was tried by the Honorable David N. Savitt, sitting without a jury. The trial lasted from March 3, 1992 to March 9, 1992. *See* Trial Court Opinion, filed December 8, 1992, at 3. Judge Savitt found Appellant guilty of second degree murder, robbery, aggravated assault, conspiracy, and possessing an instrument of crime (PIC).[1] After a hearing, the Trial Court denied Appellant's post verdict motions on October 21, 1992. *Id.* Appellant was sentenced to serve a term of life imprisonment on the murder conviction, with an aggregate consecutive sentence of five (5) to twenty (20) years on the remaining counts. The judgment of sentence was affirmed on direct appeal. *Commonwealth v. Johnson*, 434 Pa.Super. 666, 640 A.2d 472 (Pa.Super.1994) (No. 3577 Philadelphia 1992, filed January 28, 1994). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, 538 Pa. 642, 647 A.2d 898, on July 11, 1994 at No. 233 E.D. Allocatur Docket 1994.

¶ 3 Appellant filed a *pro se* PCRA petition on September 26, 1996. The PCRA Court appointed counsel to represent Appellant on his first petition for collateral relief. On June 17, 1997, Judge Savitt dismissed Appellant's petition pursuant to a *Turner/Finley* "no merit" letter and permitted counsel to withdraw. *See* PCRA Court Opinion, filed July 10, 1997, at 1. The certified record indicates that Appellant did not pursue an appeal from the PCRA Court's order. Appellant filed a second *pro se* PCRA petition on January 17, 1998. Judge Savitt dismissed the petition under Section 9545(b) of the PCRA via order dated July 29, 1998. Appellant's timely notice of appeal followed on August 26, 1998. Appellant presents one issue for our consideration:

> DID THE LOWER COURT [ERR] IN DISMISSING APPELLANT'S POST CONVICTION PETITION WITHOUT HOLDING A HEARING AND DISMISSING SUCH A SECOND PETITION THUS DEPRIVING APPELLANT OF HIS CONSTITUTIONAL RIGHT UNDER THE 6th & 14th AMENDMENT[S] OF THE CONSTITUTION AS WELL A VIOLATION OF DUE PROCESS, AND EQUAL PROTECTION OF THE LAW.

Appellant's Brief at 4.

¶ 4 The present appeal stems from Appellant's second petition for collateral relief, which he filed on January 17, 1998. Therefore, Appellant's petition is subject to the most recent amendments to the PCRA, enacted November 17, 1995 and effective sixty days thereafter, on January 16, 1996. *See* Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. 1), § 1 (hereinafter "the Act"). The modifications to the PCRA included a significant change to the timing requirements of when a petition for collateral relief must be filed.

> **Time for filing petition.—**
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

---

**1.** 18 Pa.C.S.A. §§ 2502, 3701, 2702, 903, and 907, respectively.

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

■ ¶ 5 This Court has clearly espoused the view that all second petitions seeking collateral relief fall within the purview of Section 9545(b). *Commonwealth v. Alcorn*, 703 A.2d 1054, 1056 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

[I]t was the intention of the legislature to permit an otherwise untimely **first** PCRA petition to be filed within one year following the effective date of the 1995 PCRA amendments, but **that exception was not intended to apply to subsequent petitions** regardless of when a first petition was filed. *Commonwealth v. Thomas*, 718 A.2d 326, 329 (Pa.Super.1998) (*en banc*) (emphasis added). Therefore, Appellant's PCRA petition, a second petition for collateral relief, had to be filed within one year of the date on which his judgment of sentence became final. The Superior Court affirmed Appellant's judgment of sentence on January 28, 1994, and the Pennsylvania Supreme Court denied allowance of appeal on July 11, 1994. Appellant did not file the PCRA petition underlying this appeal until January 17, 1998, over three years after his judgment of sentence became final. Appellant's PCRA petition thus is facially untimely.

¶ 6 Section 9545(b) provides exceptions to the timing requirements of the PCRA. However, Appellant's PCRA petition alleges nothing that triggers any exception.

We note explicitly that Appellant did not argue before the PCRA Court, nor does he contend at this time, that his case falls within any of the exceptions enumerated in section 9545(b) of the PCRA.

■ ¶ 7 A second or subsequent petition for collateral relief must be filed no later than one year following the date on which the judgment of sentence became final, unless one of the enumerated exceptions to the PCRA's timing requirements applies. *Commonwealth v. Peterkin*, 554 Pa. 547, 553–55, 722 A.2d 638, 641 (1998); *Thomas*, 718 A.2d at 329. This is a jurisdictional matter. *Alcorn*, 703 A.2d at 1057. *See Peterkin*, 554 Pa. at 558 n. 5, 722 A.2d at 643 n. 5 (the timing requirements of the PCRA are of constitutional dimension and must be strictly construed).

It is clear from the enactment of the 1995 amendments that the General Assembly intended to change existing law by providing that delay **by itself** can result in the dismissal of a petitioner's PCRA petition. As a result, though this

result may appear harsh to petitioners like appellant whose **second** PCRA petition will almost certainly be filed more than one year from the date when their judgment of sentence [became] final, that is the result compelled by the statute. Post conviction relief is afforded petitioners in Pennsylvania through the grace of the legislature, and whether a statute is good or bad as a matter of policy is not for this Court to decide.... *Alcorn* (footnote omitted) (emphasis added). The PCRA Court lacked jurisdiction to entertain Appellant's untimely filed PCRA petition and thus acted correctly in dismissing it. We therefore affirm the PCRA Court's action in this regard.

¶ 8 In an effort to avoid the effect of section 9545 in this case, Appellant has challenged the constitutionality of that statutory provision on "retroactivity" grounds. As an initial point, we note that an accused has **no** constitutional right to any post conviction proceedings. *Thomas*, 718 A.2d at 326 n. 7 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) and *Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773 (1996), *cert. denied*, 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997)). Furthermore, the new provisions of the PCRA do not operate retroactively merely because they apply to cases in which the judgment of sentence was finalized before the modifications to the PCRA were enacted. The amended version of the PCRA applies only to PCRA petitions filed after the effective date of the new legislation.

¶ 9 "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994) (citations omitted). Instead, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id.*, 511 U.S. at 269–270, 114 S.Ct. at 1499. A

statute is retroactive only if it changes the legal consequences of acts completed before its effective date. *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987), *quoting Weaver v. Graham*, 450 U.S. 24, 31, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981).

¶ 10 The 1995 PCRA amendments do not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505. As such they do not operate retroactively. Appellant's conviction has long been final. The PCRA amendments merely address his attempts to file additional collateral attacks on that final conviction. Furthermore, as our Supreme Court has explained, the modified timing requirements of the PCRA are procedural and therefore do not fall within the categories of retrospective laws prohibited by the Ex Post Facto Clause. *Peterkin*, 554 Pa. at 558 n. 8, 722 A.2d at 643 n. 8 (citing *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313 (1993)). We note, moreover, that potential Petitioners who are now precluded from filing a petition seeking collateral relief were afforded a sixty (60) day window of opportunity from the enactment of the modified version of the statute on November 17, 1995 until its effective date on January 16, 1996 in which to file a second or subsequent PCRA petition.

¶ 11 Appellant also contends that the timing limitations under the PCRA unlawfully and improperly limit the privilege of habeas corpus. We disagree. The PCRA explicitly states that the statute is the *sole* means of obtaining collateral relief:

The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when

this subchapter takes effect, *including habeas corpus and coram nobis.*

42 Pa.C.S.A. § 9542 (emphasis added). Simply stated, "the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA...." *Peterkin,* 554 Pa. at 552, 722 A.2d at 640. The writ continues to exist, but is available only in cases in which no remedy is provided under the PCRA. *Id.* The fact that a particular petitioner is precluded by the new timing requirements of the PCRA from presenting claims that would otherwise have been cognizable does not entitle him to habeas corpus relief. *Id.,* 554 Pa. at 551–555, 722 A.2d at 640–641.

¶ 12 Habeas corpus is an extraordinary remedy which may be invoked only when remedies in the "ordinary course" have been exhausted or are not available. *Commonwealth v. Wolfe,* 413 Pa.Super. 583, 605 A.2d 1271, 1273 (1992), *appeal denied,* 531 Pa. 646, 612 A.2d 985 (1992). A judgment rendered in the "ordinary course" is beyond the reach of habeas corpus and cannot be put aside lightly. *Id.* The presumption of regularity becomes stronger the longer the conviction stands. *Id.* Consequently, a writ of habeas corpus generally is not available to review a conviction which has been affirmed on appeal. *Id.* (citing *Commonwealth ex rel. Dugan v. Day,* 180 Pa.Super. 643, 122 A.2d 90 (1956), *cert. denied,* 180 Pa.Super. 643, 122 A.2d 90 (1956), *cert. denied,* 352 U.S. 852, 77 S.Ct. 74, 1 L.Ed.2d 62 (1956)). Furthermore, habeas corpus may not be used to litigate claims of ineffective assistance of counsel, such as those Appellant presented via his untimely PCRA petition. *See id.,* 605 A.2d at 1274–1275.[2] This is so because such allegations may be raised in post-trial motions, on direct appeal, or litigated pursuant to statutory post-conviction provisions, *i.e.,* the PCRA. *Id.*

¶ 13 Our Supreme Court has discussed the current timing requirements under the PCRA in the following terms:

> At some point litigation must come to an end. The purpose of law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction. The current PCRA places time limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

*Peterkin,* 554 Pa. at 557–558, 722 A.2d at 643 (footnote omitted). A second or subsequent petition for collateral relief that does not satisfy the timing restrictions of the PCRA and which does not fall within any exception to those requirements must be deemed untimely and dismissed. *Id.*

¶ 14 Order affirmed.

---

**2.** The PCRA petition underlying the present appeal is predicated upon varied allegations of ineffectiveness against all prior counsel.