J-S50032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY L. WILLIAMS, | |
| Appellant | No. 314 WDA 2014 |

Appeal from the PCRA Order entered January 27, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0009970-1972

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.: **FILED AUGUST 11, 2014**

Henry L. Williams ("Appellant") appeals from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. PCRA counsel has also filed a petition to withdraw. We affirm.

The pertinent facts and procedural history are as follows: On October 28, 1972, police charged Appellant, then twenty-one years of age, with two counts of criminal homicide and related charges, after he attempted to rob a local pharmacy. On June 28, 1973, Appellant entered a general guilty plea to two counts of homicide. The trial court determined that Appellant's killings constituted first-degree murder. Thus, that same day, the trial court sentenced Appellant to two concurrent terms of life imprisonment without the possibility of parole. Appellant did not file a direct appeal.

On January 26, 1979, Appellant filed his first petition for post-conviction relief under the former Post-Conviction Hearing Act ("PCHA"). The PCHA court appointed counsel, and after an evidentiary hearing, the PCHA court denied relief. On April 25, 1980, our Supreme Court affirmed. *Commonwealth v. Williams*, 413 A.2d 658 (Pa. 1980). Appellant filed additional PCHA petitions on September 28 and October 22, 1982. The PCHA court denied relief on November 8, 1982. Appellant filed yet another post-conviction petition, this time under the PCRA, on June 5, 1990. The PCRA court denied relief on August 8, 1990, and in an unpublished memorandum filed on June 11, 1991, this Court affirmed. *Commonwealth v. Williams*, 596 A.2d 255 (1991).

Appellant filed a *pro se* PCRA petition on or about August 24, 2012. The PCRA court appointed counsel, and on October 4, 2013, PCRA counsel filed an amended petition. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition on October 8, 2013. Appellant did not file a response. By order entered January 27, 2014, the PCRA court dismissed Appellant's petition because it was patently untimely, and because Appellant failed to establish the applicability of an exception to the time bar. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

In lieu of an advocate's brief, Appellant's counsel has filed an **Anders**[1] brief and a petition to withdraw. Compliance with **Anders** applies to counsel who seeks to withdraw from representation on direct appeal. **Anders** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will assess counsel's assertion that the issues Appellant wishes to raise have no merit under a **Turner**/**Finley** analysis.

Our Supreme Court has explained:

These cases establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

> 5) The PCRA court agreeing with counsel that the petition was meritless.

***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1, (Pa. 2009) (citations omitted). Here, counsel has complied with the mandates of ***Turner*** and ***Finley***, as summarized in ***Pitts***, ***supra***. We therefore must determine whether we agree with counsel's assessment that Appellant's PCRA petition was untimely filed, and whether Appellant can establish an exception to the PCRA's time bar.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor

the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a direct appeal, for PCRA purposes, Appellant's judgment of sentence became final thirty days thereafter, on or about July 30, 1973.[2] 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the instant PCRA petition almost forty years later, such that it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant first contends that his PCRA falls under the exception of subsection 9545(b)(1)(iii) because the United States Supreme Court recognized a new constitutional right in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the high court held that mandatory sentences of life without parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishment.'" *Miller*, 132 S.Ct. at 2460. Appellant asserts that the *Miller* decision should be applied retroactively to his life sentence.

---

[2] Although the PCRA provided a one-year grace period for criminal defendants whose convictions pre-dated the 1995 amendments to the PCRA, this subsection applied only to the filing of a first petition for post-conviction relief. *See generally Commonwealth v. Johnson*, 732 A.2d 639 (Pa. Super. 1999). The grace period does not to subsequent petitions. *Id.*

Initially, we note that Appellant was not a juvenile when he committed the murders, rendering the *Miller* holding inapposite. Moreover, even had Appellant been a juvenile at that time, our Supreme Court has determined that the *Miller* decision should not be applied retroactively. *See generally*, *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Thus, Appellant cannot avoid the PCRA's time bar pursuant to Section 9545(b)(iii).

Appellant, in the alternative, attempts to establish an exception to the PCRA's time bar by characterizing the scientific evidence discussed in *Miller* as "newly discovered facts" pursuant to section 9545(b)(1)(ii). As noted by present counsel, however, these same evidence was referenced in the United States Supreme Court's prior decisions in *Roper v. Simmons*, 543 U.S. 551 (2005) and *Graham v. Florida*, 560 U.S. 48 (2010). At best, Appellant relies upon a "newly discovered . . . source of previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008); *see also Commonwealth v. Lark*, 746 A.2d 585, 588 n.4 (explaining that matters of public record "cannot be said to have been 'unknown' to the PCRA petitioner").

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief, and grant counsel's petition to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/11/2014</u>