Commonwealth ex rel. Foster *v.* Ashe, Warden.

Argued December 10, 1936.

. Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

534

*Bernard T. Foley,* for petitioner.

*Mortimer E. Graham,* District Attorney, with him *Burton R. Laub,* and *William F. Illig,* Assistant District Attorneys, for Commonwealth.

PER CURIAM, January 29, 1937:

The petitioner on February 13, 1930 pleaded guilty in the Court of Quarter Sessions of Erie County, Pennsylvania, to the charge of breaking and entering a store

building with intent to commit a felony (No. 30 February Term 1930).[1] He was sentenced on May 19, 1930 to undergo an imprisonment in the Western Penitentiary of not less than three nor more than six years.

On April 29, 1932 the District Attorney of Erie County filed an information against the petitioner under the Act of April 29, 1929, P. L. 854, commonly known as the Habitual Criminal Act, accusing him of having been convicted ten times of crimes of the character set forth in the first section of said act, the last one having been committed within five years[2] of the prior offense, thereby subjecting himself, at the discretion of the judge trying the case, to imprisonment in a state penitentiary for the period of his natural life, as provided in section 2 of said act. The first five paragraphs of the district attorney's information appear in the reporter's statement.

All of the provisions of the Act of April 29, 1929, as to procedure, were complied with, and on September 22, 1932 the case was called for trial before a jury. The petitioner thereupon entered a plea of guilty to the second, third, fourth and fifth paragraphs of the district attorney's information. The district attorney elected not to proceed on the other paragraphs. The judge trying the case, on October 11, 1932, vacated the sentence on the plea of guilty to No. 30 February Term 1930 and sentenced petitioner to imprisonment in the

---

[1] Section 136 of the Penal Code of March 31, 1860, P. L. 382, p. 415, as amended by Acts of April 22, 1863, P. L. 531, and March 13, 1901, P. L. 49 (18 P S sec. 3042).

[2] By section 3 of the Act of 1929, supra, it is provided: "In computing the period of time between convictions, as provided in sections one and two of this act, any period of servitude by a person in a penal institution, within or without this Commonwealth, shall not be included in the computation of any of said five-year periods. It is hereby declared that the intent of said sections is that said five-year periods shall run only during the time any such person was at liberty."

Western Penitentiary for and during the period of his natural life.

On October 30, 1936 petitioner filed this petition for writ of habeas corpus. An answer was filed by the District Attorney of Erie County on behalf of the Warden and the Commonwealth and the matter was fully argued in open court, a representative of the Department of Justice appearing for the Attorney General.

The petitioner admits that the offenses embraced in the second, third and fourth paragraphs of the information came within the character of crimes mentioned in paragraph one of the act under the description, 'entering with intent to steal'; but contends that the offense of which he was convicted in New York on November 23, 1907, as described in the fifth paragraph, to wit, "the crime of breaking and entering a corn house with intent to steal, in said jurisdiction more commonly termed burglary in the third degree," did not come within the character of crimes mentioned in section 1 of the Act of 1929, and hence his conviction or plea of guilty on February 13, 1930, to No. 30 February Term 1930, did not constitute a conviction for a fourth offense within the provisions of section 2 of the Act of 1929. He relies on the decision of this court in *Com. v. Woodward,* 110 Pa. Superior Ct. 478, 168 A. 347. We need not repeat here what was so well expressed by Judge CUNNINGHAM, the opinion writer, in that case. We there held that the crime of 'entering with intent to steal', following, as it does, immediately after 'burglary', refers to the offense defined in section 136 of the Penal Code, as amended [3] and does not include breaking or entering railroad cars with intent to commit a felony, which was made a felony by the Act of May 23, 1887, P. L. 177.

The Act of March 13, 1901, supra, which amends

---

[3] Act of March 13, 1901, P. L. 49.

section 136 of the Penal Code includes within its provisions any breaking and entering in the day time, or any wilful or malicious entering, either by day or night, with or without breaking, into any dwelling, house, shop, warehouse, store, mill, barn, stable, outhouse or other building, with intent to commit any felony whatever therein. While a railroad car is not included, we are of opinion that a 'corn house' does come within the terms, 'warehouse', 'barn', 'outhouse' or 'other building.' The Revised Statutes of the State of New York defined 'burglary in the third degree'—which was the crime of which petitioner was convicted as related in the fifth paragraph of the district attorney's information—as follows: "Every person who shall be convicted of breaking and entering, in the day or in the night-time, (1) any building within the curtilage of a dwelling-house, but not forming a part thereof; (2) any shop, store, booth, tent, warehouse, or other building in which any goods, merchandise, or valuable thing shall be kept for use, sale, or deposit, with intent to steal therein, or to commit any felony, shall, upon conviction, be adjudged guilty of burglary in the third degree."[4] This was amended in 1863 by adding after the words 'or other building' in the second subdivision the words 'or any railroad car, ship, vessel or canal boat'. The Penal Code of 1881, in section 498 enacted: "A person who either (1) with intent to commit a crime therein, breaks and enters a building, or a room, or any part of a building; or (2) being in any building, commits a crime therein, and breaks out of the same; is guilty of burglary in the third degree."

In construing these statutes the Court of Appeals of New York said in *People v. Richards*, 108 N. Y. 137, 15 N. E. 371 (1888): "We think it plain that all the words used in the Revised Statutes, or in the Statute

---

[4] 2 Rev. Stat. 669, sec. 17.

of 1863, in defining burglary in the third degree, refer to structures erected or built for the purpose of answering the necessities of living men in their intercourse with each other of a trading or commercial nature, where their property might be deposited while awaiting use, sale or transportation." Accordingly the Court held that a stone burial vault in a cemetery, though entirely above ground, was not a building within the meaning of the Penal Code, sec. 498. This was the law of the State of New York, as respects the offense of 'burglary in the third degree' in force when the petitioner was convicted of that crime in 'breaking and entering a corn house with intent to steal', on November 23, 1907. Manifestly a corn house was not a booth, tent, railroad car, ship, vessel or canal boat. In order to convict the defendant it must have been a building.

We think the record of that conviction, in the light of the foregoing, establishes that the *corn house,* into which the petitioner broke and entered with intent to steal, and for which he was convicted of burglary in the third degree on November 23, 1907, was a *building* within the above ruling of the Court of Appeals of New York, and within the purview of section 136 of our Penal Code, as amended, and it is our opinion that the offense of which petitioner was then convicted constituted a crime of the same character as defined in that section of our Penal Code, and referred to in the first section of the Act of 1929, supra, as 'entering with intent to steal.'

The distinction between this case and *Com. v. Woodward,* supra, is clear. The opinion in that case rather tends to support the contention of the respondent: That the conviction of November 23, 1907 was for the crime of 'breaking and entering [a building, to wit,] a corn house with intent to steal,'—a crime of the character set forth in the first section of the Act of April 29, 1929—and in connection with the other crimes to which

petitioner pleaded guilty, justified his sentence to the penitentiary for the period of his natural life, as an habitual criminal, under the Act of 1929, supra.

The petition for writ of habeas corpus is refused.