Commonwealth ex rel. Foster *v.* Ashe, Warden.

PER CURIAM, October 3, 1939:

The Superior Court refused relator's petition for a writ of habeas corpus (124 Pa. Superior Ct. 533). He now makes application to this court upon new grounds, all of which, however, are without merit.

Relator was sentenced in Erie County on May 19, 1930, for a term of from three to six years. On April 29, 1932, an information was filed by the District Attorney of that county, enumerating a long series of previous crimes which relator had committed. On October 11, 1932, the former sentence was revoked and he was sentenced to imprisonment for life, in accordance with the Act of April 29, 1929, P. L. 854.

Relator claims that an information covering the previous crimes had been filed previously to May 19, 1930, and that therefore such crimes were within the knowledge of the judge when the sentence of May 19, 1930, was imposed. This is denied by the District Attorney, and there is nothing on the record to substantiate it.

Relator alleges that, although he admitted to the court that the facts set forth in the information were true, he was, at the time he made such admission, in a state of mental and emotional collapse. This also is denied by the District Attorney, nor does relator now assert that he did not commit the three previous crimes upon which the sentence of life imprisonment was based.

Relator contends that the resentence was imposed more than two years after the original sentence, and that this is fatal to its validity. Section 4 of the Act of 1929 requires merely that the information be filed within the two year period,—not that all proceedings under it be completed within that time.

Relator challenges the Act of 1929 on the ground that it permits sentence to be imposed for crimes committed outside the State and before the passage of the Act, that it authorizes a defendant to be proceeded against criminally by information instead of indictment, and that it punishes a defendant twice for the same offense,—thus violating provisions of the State and Federal Constitutions. All of these objections overlook the fact that the statute provides merely for the punishment of a crime, committed within the State and after the passage of the Act, by making the sentence greater if the defendant had committed previous offenses. It is not the previous crimes upon which the defendant is again indicted, tried or sentenced, but they are taken into consideration only in order to determine the punishment to be imposed for the crime then under consideration, it being a well known principle of penology that an habitual criminal should receive a more severe sentence than a first offender.

Relator finds fault with the Act because it vests in the court discretionary power to impose a sentence of life imprisonment, and he claims that this results in unfair discriminations. Nearly all sentences are discretionary, and must take into consideration the circumstances of the crime and the criminal record of the offender.

Relator argues that he was not subject to the Act of 1929 because a period of more than five years elapsed between two of his previous crimes. Section 2 of the Act provides for such a maximum period only as to the time between the commission of the crime for which sentence is then being imposed and the crime which immediately preceded it.

The rule to show cause is discharged and the petition dismissed.