Opinion by
 

 Keller, P. J.,
 

 Petition for writ of habeas corpus. Rule to show cause granted. See
 
 Com. v.
 
 Curry, 285 Pa. 289, 298-9, 132 A. 370.
 

 The relator is confined in the Western State Penitentiary pursuant to a sentence of life imprisonment imposed on him on October 11, 1932, by the Court of Quarter Sessions of Erie County, Pennsylvania, following an information filed by the district attorney of said county on April 29, 1932 under the provisions of section 4 of the Act of April 29, 1929, P. L. 854, charging him with having been previously convicted more than four times (reciting them) of certain crimes set forth in the first section of said Act of 1929, and a plea of guilty or confession in open court that he was the same person alleged to have committed the crimes set forth in the second, third, fourth and fifth paragraphs of said information. The information listed the said convictions in the reverse order of their occurrence, the last conviction or sentence (second paragraph) having been had in said Erie County on May 19, 1930, to No. 30 February Sessions 1930, on a plea of
 
 guilty;
 
 which sentence was vacated, pursuant to said Act of 1929, when the sentence of life imprisonment as a fourth offender was imposed as aforesaid. The district attorney elected not to proceed further with respect to the convictions of crimes averred in the remaining paragraphs of the information.
 

 On October 30, 1936 the relator filed in this court a petition for writ of habeas corpus, in which he contended that the crime of which he was convicted on November 23, 1907, as set forth in the fifth paragraph
 
 *484
 
 of the information, to wit, breaking and entering a corn house in Erie County, New York, with intent to steal, “more commonly termed, in said jurisdiction, burglary in third degree”, did not come within the character of crimes mentioned in section 1 of the Act of 1929, and hence his conviction or plea of guilty to No. 30 February Sessions 1930, Erie County, Pennsylvania, (second paragraph in the information), did not constitute a fourth conviction within the provisions of the Act of 1929. The matter was fully argued in this court, the same counsel appearing and arguing for the relator as had represented him at the trial before a jury upon the information filed by the District Attorney, at which the relator withdrew his plea of not guilty and entered a plea of guilty after the presiding judge had cautioned him as to his rights, in manner following:
 

 “By the Court: Before allowing your client to enter a plea of guilty, Mr. Foley, have you warned him as to his rights?
 

 “By Mr. Foley: Yes. He didn’t have to admit if he didn’t want to. He pleads guilty to the charges1 contained in Nos. 2, 3, 4 and 5 of the Petition [Information] .”
 

 On January 29, 1937 we refused the petition for writ of habeas corpus. See 124 Pa. Superior Ct. 533, 189 A. 804. No appeal was taken or asked for from this order.
 

 On August 18, 1939 the relator filed a petition for writ of habeas corpus in the Supreme Court of Pennsylvania. This petition was forty-four pages long and was accompanied by an addendum twelve pages long and a brief forty-two pages long. It averred that the proceedings under the information filed by the district attorney against him as a fourth offender were in contravention of section 3 of the Act of 1929 and Title 8, section 8 of the United States Code, and in violation of the Constitution of the United States, Article I, sec. 9, par. 3; Art. I, sec. 10; Art. Ill, sec. 2, par. 1;
 
 *485
 
 Art. IV, sec.
 
 2;
 
 Art. VI, sec.
 
 2;
 
 6th Amendment, and 14th Amendment; and of the Constitution of Pennsylvania, Art. I, sec. 10; Art. I, sec. 17. On October 3, 1939, the Supreme Court handed down an order discharging .the rule to show cause which had been issued and dismissing the petition. While the opinion filed in that proceeding (336 Pa. 238, 8 A. 2d 542) did not discuss at length all the matters set forth in the voluminous petition above referred to, it. must be accepted that it gave them proper consideration and decided that they did not warrant the relator’s discharge. No petition was filed by the relator asking for a writ of certiorari to the Supreme Court of the United States.
 

 On October 27, 1941 the relator filed in this court a third petition for writ of habeas corpus. All of the grounds relied upon in this petition had, in substance, been presented to the Supreme Court in the petition filed August 18, 1939, and while they were not discussed in the opinion filed in 336 Pa. 238, they were considered by the Supreme Court and decided against the relator.
 

 We have examined the original papers and find that the relator in his petition to the Supreme Court set. forth inter alia (pp. 2 and 3) that the trial judge, President Judge Rossiter, was informed by the district attorney who prosecuted the indictment to No. 30 February Sessions 1930, Otto Herbst, Esq., of several previous convictions of relator for crimes committed outside of Pennsylvania — in fact the relator averred that said district attorney had prepared and submitted an information under the Act of 1929 aforesaid to the trial judge during the course of said trial proceedings, which is not borne out by the record. He further raised in said petition (pp. 11 and 12) the point that the relator’s prior convictions were known to the said district attorney, Otto Herbst, during the course of said trial; that the subsequent information was not presented by District Attorney Mortimer E. Graham to
 
 *486
 
 President Judge Rossiter, who presided at the trial, but to Judge .William E. Hirt/ and he, relator, took exception because Judge Rossiter had not ordered relator to be returned from the penitentiary to answer said information (p. 18) and contended that Judge Hirt had no power or authority to try the said information, because he was not the “trial justice of the court” wherein the last conviction had been obtained in Erie County, Pennsylvania, to No. 30 February Sessions 1930 (pp. 20, 21).
 

 It will be seen that these are practically the same grounds relied upon by the petitioner relator in the present proceeding. We might therefore well stop here and dismiss the petition as having been already refused by the Supreme Court:
 
 Com. ex rel. Lewis v.
 
 Ashe, 142 Pa. Superior Ct. 357, 16 A. 2d 433. We will however briefly answer the questions raised by relator’s counsel.
 

 The
 
 knowledge
 
 of a trial judge that the defendant is a fourth offender such as will justify his imposing a sentence of life imprisonment, is not that obtained from a
 
 statement
 
 of the district attorney that he has a criminal record of three or more convictions outside the Commonwealth. It is not every conviction of crime that constitutes a conviction within the provisions of the Act of 1929. The crimes of which the defendant has been convicted must fall within those crimes mentioned in section one of the Act of 1929; and unless such prior convictions are averred in the indictment, the proceeding must be by information
 
 after conviction or sentence
 
 as provided in section four of the Act.
 

 Judge Hirt was not an “associate judge.” He was the additional law judge of the 6th judicial district, composed of the County of Erie, who was presiding over the session of court held when the information was presented by District Attorney Graham.
 
 Associate judges
 
 in Pennsylvania are not learned in the law and are elected only in counties not forming
 
 *487
 
 separate judicial districts, and they constitute with the law judge of that district the court for that particular county. There is no associate judge in Erie County. It is the custom in many counties where there are two law judges, for the president judge and the additional law judge to take turns in presiding over sessions of court. This may be done by general or special order of the court. It was .the practice in Erie County and is legal. Furthermore, the Act of 1929 does not provide that the district attorney must present the information to the
 
 judge
 
 who presided at the trial of the convicted defendant. It is to be filed in the
 
 court
 
 in which the last conviction was had and that court “shall cause the said person, whether confined in prison, penitentiary or otherwise to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not,” etc. Judge Hirt was presiding in the court in which the relator’s last conviction was had when the information was filed and it properly came before him to be acted upon in accordance with law.
 

 The Act of 1929 does not provide or require that in order to bring an information under section 4, the knowledge of the defendant’s prior convictions must have come to the district attorney
 
 after
 
 the defendant’s conviction or sentence. It merely places a limit of two years after such conviction or sentence within which such information can be filed. The district attorney may have notice of a defendant’s criminal record but not be prepared to prove it on a jury trial. He must be satisfied of the identity of the defendant with the person convicted in other jurisdictions; of the character of the offenses of which he was convicted and that they fall within the crimes mentioned in section 1, and he must be prepared to satisfy a jury beyond a reasonable doubt of these facts by competent evidence in case the
 
 *488
 
 defendant denies the previous convictions as applicable to him, before he is called upon to act by way of filing an information. Hence the fact that District Attorney Herbst may have had knowledge of this relator’s criminal record but did pot file an information against him, did not prevent District Attorney Graham from doing so within the two year period fixed in the Act:
 
 Com. ex rel. Foster v. Ashe,
 
 336 Pa. 238, 239, 8 A. 2d 542.
 

 As all the matters relied on by the relator were brought to the attention of the Supreme Court in his petition for writ of habeas corpus and its decision thereon was adverse to him, the rule is discharged and the petition is refused.
 

 We will not consider any further petitions from this relator growing out of the matters incident to his commitment to the penitentiary pursuant to the sentence on said information and his plea of guilty or confession thereto in open court.
 

 Judge Hiet took no part in the consideration or decision of this case.