## Commonwealth v. Simmons

*W. Richard Eshelman*, District Attorney, and *Franklin E. Poore*, Assistant District Attorney for Commonwealth.

*James M. Potter*, for defendant.

Hess, P. J., May 26, 1964.—Leonard Simmons, defendant, pleaded guilty to an indictment charging him with having operated a motor vehicle without a license after having been previously convicted of a similar offense. Prior to the Act of August 27, 1963, P. L. 1353, sec. 1, 75 PS §601, the offense charged was punishable by summary conviction. The legislature changed the

law to provide that a defendant ". . . for the second and any subsequent offense, shall be guilty of a misdemeanor. . . ." Defendant, prior to the Act of August 27, 1963, had been convicted summarily for having committed a similar offense and, after the change in the law, was again arrested for driving without a license. He pleaded guilty without the benefit of counsel and thereafter, upon advice of counsel, filed a petition to withdraw his plea, alleging that he cannot be guilty of an indictable offense for the reason that the prior offense was not committed after the effective date of the Act of August 27, 1963, supra. We have undertaken to consider the matter as though no plea had been entered and the issue was being raised on a motion to quash the indictment. Defendant agrees that if there is no legal merit in his contention, his plea of guilty should stand.

The amendment of 1963 did not change the offense in any way except to provide that subsequent violations should be punishable as misdemeanors and carry more severe penalties. Defendant contends, however, that when the legislature provided that subsequent offenses should be misdemeanors, a new offense was created, requiring that the prior offense be one committed after the date of the change in law to avoid the element of ex post facto. As far as we are able to ascertain, this is a case of first impression and there is no Pennsylvania precedent directly controlling.

In many respects, however, the case is similar to an issue arising under section 1108 of the Act of June 24, 1939, P. L. 872, relating to second and subsequent offenses. In upholding the constitutionality of a prior habitual offender act, Act of April 29, 1929, P. L. 854, since repealed, the Supreme Court in Commonwealth ex rel. Foster v. Ashe, 336 Pa. 238, approved the constitutionality of the law, saying, page 240: "It is not the previous crimes upon which the defendant is again

indicted, tried or sentenced, but they are taken into consideration only in order to determine the punishment to be imposed for the crime then under consideration, it being a well known principle of penology that an habitual criminal should receive a more severe sentence than a first offender." The Supreme Court of the United States, in considering the validity of the Pennsylvania habitual offender act, stated in Gryger v. Burke, 334 U. S. 728, 732: "Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." We take the same position relative to the offense with which defendant is charged. It is "a stiffened penalty for the latest crime" of driving without a license.

We regard as of no moment the fact that for the latest crime the defendant is subject to be proceeded against by way of indictment and not by summary conviction. No new crime is established by the Act of 1963. Before the change in the law, and now, the offense relates to driving a motor vehicle without the license which the Commonwealth requires one to have if he is privileged to operate a motor vehicle. An ex post facto law "... is one which makes a crime of an act which when committed was not a crime or a law which increases the punishment for an act already committed": Commonwealth ex rel. Wall v. Smith, 345 Pa. 512, 515. See also Dougherty v. Haggerty 96 Pa. 515. In neither respect does the 1963 Act fall into this category. According to the indictment, the crime to which the defendant pleaded guilty was committed on Decem-

ber 1, 1963, more than three months after the date of the 1963 amendment. The fact that on August 27, 1963, the effective date of the amendment, defendant was included within a class of persons who had previously been summarily convicted for having operated motor vehicles without licenses and were therefore subject to prosecution by indictment for future offenses, gives rise to no element of ex post facto as far as this defendant is concerned.

And now, to wit, May 26, 1964, the petition of defendant for leave to withdraw his plea of guilty is dismissed.