## Commonwealth v. Vine

*Richard L. Golden, Jr.*, for Commonwealth.
*Robert G. Ginsburg*, for petitioner.

MIMS, *J.*, January 31, 1979—David W. Vine, herein referred to as appellant, has appealed from the order of suspension of his operating privileges for a period of six months as mandated by section 1532(b) of the Vehicle Code of June 17, 1976, P.L.

162, sec. 1, 75 Pa.C.S.A. §1532(b)(2), for violating section 1501(a) of the Vehicle Code on March 13, 1978. A hearing was held and from the evidence presented we enter the following

## FINDINGS OF FACT

1. Appellant is David W. Vine, R.D. 1, Box 113, New Hope, Pa., operator's number 17532610, whose date of birth is August 19, 1941.

2. Appellant's operator's license was validated April 3, 1978, and expires August 31, 1979.

3. A citation number 380036 was issued on March 10, 1978, by officer Mike Wiener of the New Hope Borough Police Department charging appellant with violation of section 1501(a) on February 28, 1978.

4. A citation number 302302 was issued on March 13, 1978, by officer Larry A. Grawe of the Solebury Township Police Department charging appellant with violation of section 1501(a) on March 11, 1978.

5. Appellant entered pleas of guilty to both of these offenses before the district justice on June 1, 1978.

6. The certification statement shows that on the offense occurring on February 28, 1978, no action was taken by the Department of Transportation and on the violation occurring on March 11, 1978, "Suspension 12-4-78, mailed 10-30-78. Suspension 6 months with F/R Appeal pending."

7. Notice of the suspension to be effective December 4, 1978, at 12:01 a.m. for six months was mailed to appellant October 30, 1978.

8. Appellant filed a "request for drivers license when application not received" on March 16, 1978, and his license was validated on April 3, 1978.

## DISCUSSION

Appellant's operating privileges were suspended in accordance with section 1532(b)(2), which provides: "(2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions: Section 1501(a)(relating to drivers required to be licensed)."

Appellant testified that he had neglected to renew his driver's license when it expired because he was involved in other matters and did not realize that his license had expired until March 11, 1978, when he was stopped by officer Weiner. At the time of his stop by officer Weiner he did not have his driver's license with him and he did not produce his license to officer Wiener or to the issuing authority within five days as permitted under section 1501(d) of the Vehicle Code.

Appellant argues that the license suspension is invalid because it may only be suspended for a subsequent *conviction* of a violation of section 1501(a) and appellant was *convicted* of both offenses at the same time, on June 1, 1978. As authority he has referred us to Com. v. Simmons, 34 D. & C. 2d 293 (1964). In the Simmons case, defendant had been previously convicted of the offense of having operated a motor vehicle without a license, a summary offense prior to the Act of August 27, 1963, P.L. 1353, sec. 1, 75 P.S. §601 (now 75 Pa.C.S.A. §§1501, 1512). By the Act of August 27, 1963, the legislature changed the law to provide that a defendant ". . . for the second and any subsequent offense, shall be guilty of a misdemeanor. . . ." Defendant argued that when the legislature provided that subsequent offenses should be mis-

demeanors, a new offense was created requiring that the prior offense be one committed after the date of the change in law to avoid the element of ex post facto. In a well reasoned opinion the petition of defendant was dismissed. In this same opinion the court at 294 and 295, stated:

". . . In upholding the constitutionality of a prior habitual offender act, April 29, 1929, P.L. 854, since repealed, the Supreme Court in Commonwealth ex rel Foster v. Ashe, 336 Pa. 238, approved the constitutionality of the law, saying, page 240: 'It is not the previous crimes upon which the defendant is again indicted, tried or sentenced, but they are taken into consideration only in order to determine the punishment to be imposed for the crime then under consideration, it being a well known principle of penalogy that an habitual criminal should receive a more severe sentence than a first offender.'"

While the question in Simmons, supra, was raised in the criminal proceeding and related to the degree of offense and the punishment to be imposed, still an analogy can be drawn between that case and the instant case. In the instant case appellant committed two offenses of violating section 1501(a) of the Vehicle Code and was convicted of both offenses albeit at the same time.

The offenses occurred in two different municipalities on two different dates. The legislature in the Vehicle Code has imposed no conditions with respect to suspension of driving privileges for a first offender. However, it clearly indicated in section 1532(b) that conviction of a subsequent offense would be subject to a mandatory suspension of six months. From this we may reasonably infer

that the legislature regarded as a serious matter the failure of the operator to obtain a valid operator's license but is willing to give him an opportunity to correct a situation which exists at the time of the first offense.

Clearly the legislature intended the suspension to be imposed by the department upon receiving a certified record of the driver's conviction of a subsequent offense. The key to this matter is the dates of the offenses and not the dates of the conviction. In the instant case the suspension was imposed after the certification of the driver's conviction of a subsequent offense. We find this in accordance with the express language contained in section 1532(b)(2).

Accordingly, we enter the following

## ORDER

And now, January 31, 1979, the appeal of David W. Vine from the order of suspension of his operating privileges by the Department of Transportation is hereby dismissed and the order of the Secretary of Transportation suspending appellant's operating privileges for a period of six months is hereby sustained.