J-S41037-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENTA RUFFIN, | |
| Appellant | No. 3013 EDA 2012 |

Appeal from the PCRA Order Entered September 21, 2012
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0005353-2009

BEFORE:  BENDER, BOWES, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 19, 2014**

Denta Ruffin (Appellant) appeals from the order entered September 21, 2012, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We vacate the PCRA court's order and remand for an evidentiary hearing.

On March 2, 2010, following a jury trial, Appellant was convicted of possession with intent to deliver a controlled substance, possession of a controlled substance, and eluding police. Prior to sentencing, Appellant and the Commonwealth agreed upon a six-to-twelve year term of incarceration. On April 22, 2010, Appellant was sentenced.  The trial court accepted the

---

[1] 42 Pa.C.S. §§ 9541-9546.

*Retired Judge assigned to the Superior Court.

agreement and sentenced Appellant to the negotiated term of incarceration, followed by two years of consecutive probation.

No direct appeal was filed. On December 17, 2010, Appellant filed a timely *pro se* PCRA petition alleging that trial counsel refused to file a direct appeal on his behalf. In his petition, Appellant requested that the PCRA court reinstate his direct appeal rights *nunc pro tunc*. Counsel was appointed, and on October 21, 2011, an amended PCRA petition was filed. The amended petition asserted that Appellant had requested trial counsel to appeal his conviction, but counsel had failed to do so. Amended PCRA Petition, 10/21/2011, at 2. On September 21, 2012, the PCRA court entered an order dismissing Appellant's PCRA petition. This timely appeal followed. The PCRA court ordered Appellant to file a 1925(b) statement of errors, and one was filed.

On appeal, Appellant raises the sole issue of whether the PCRA court erred in dismissing his petition in light of his claims of ineffective assistance of trial counsel. Appellant's Brief at 3. Appellant contends that he asked counsel to file an appeal, and despite counsel's assurances, Appellant later learned that counsel had not done so. Thus, Appellant alleges that trial counsel was ineffective, and as such, his direct appeal rights should have been reinstated by the PCRA court *nunc pro tunc*.

After a review of the record, we determined that our resolution of Appellant's issue depended, in large part, on whether the PCRA court dismissed his PCRA petition without a hearing under Pa.R.Crim.P. 907, or whether a hearing was held. The certified record and briefs of the parties conflicted as to this issue. Accordingly, on September 24, 2013, we remanded the matter for the PCRA court to make a factual finding as to whether a hearing was held on Appellant's PCRA petition. The PCRA court was directed to forward any existing notes of testimony to this Court.

Nearly a year later, on September 24, 2014, we received a supplemental opinion from the PCRA court.[2] The court indicated that "in lieu of a hearing" on Appellant's petition, it reviewed the record and determined Appellant's issue was without merit on the basis that Appellant's acceptance of the negotiated plea was made knowingly, intelligently and voluntarily, and because Appellant made "**the voluntary decision to waive his appellate rights on the record at sentencing**." Supplemental Opinion, 9/24/2014, at 3 (emphasis added).

Preliminarily, we note that, in reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966

---

[2] We note with displeasure, particularly in light of our result herein, that the PCRA court delayed Appellant's relief for a year, without explanation.

A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007).

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA Court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Further, "[a] reviewing court must examine the issues raised . . . in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (citation omitted).

In *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999), our Supreme Court held that, where there is an unjustified failure by counsel to file a requested direct appeal, the conduct of counsel constitutes "prejudice" *per se* for purposes of establishing the ineffective assistance of counsel under the PCRA. The Supreme Court specifically stated that,

> where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, [denying] the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish

his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Lantzy*, 736 A.2d at 572 (footnote omitted).

"Although counsel may be ineffective for failing to file a direct appeal on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief." *Commonwealth v. Maynard*, 900 A.2d 395, 397-98 (Pa. Super. 2006) (citing *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999)). "Mere allegations will not suffice." *Harmon*, 738 A.2d at 1024. "The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." *Maynard*, 900 A.2d at 398.

Instantly, Appellant has not been given an opportunity to demonstrate that he requested counsel file an appeal on his behalf, nor has counsel been able to address such claims. Moreover, the PCRA court's conclusion that a hearing was not warranted on this issue because Appellant somehow waived his appellate rights in exchange for a favorable negotiated sentence is in error.

During Appellant's on-the-record plea colloquy, the court explicitly informed Appellant that, although he was entering into a negotiated plea agreement, certain of his appellate rights remained intact.

> THE COURT: You're entitled to appellate rights, as well. When the appropriate time comes your attorney will give you your post plea appellate rights. But for the purposes of this colloquy the big four appellate rights you need to be concerned about amongst others are, you can challenge the jurisdiction of this

court. You can challenge the legality of sentence. You can challenge the voluntariness of your plea. **Or if you are not happy with the effective representation of your attorney, you can challenge her effectiveness, at all. That doesn't mean you will win on appeal. You certainly have those appellate rights available to you.**
Do you understand that?

[APPELLANT]: Yes.

N.T., 4/22/2010, at 24-25 (emphasis added).

Later, following the trial court's acceptance of the plea, Appellant waived his right to a presentence investigation and proceeded directly to sentencing. *Id.* at 33. After sentence was imposed, the following exchange occurred.

THE COURT: And he's to get credit for time served.
If you can give him his appellate rights?

[DEFENSE COUNSEL]: Thank you, Your Honor.
Mr. Ruffin, you've just entered into a negotiated guilty plea to the charge of possession with intent to deliver[] before the Honorable Judge Hill. That plea carries a sentence of one to three years to run concurrently with the six to twelve years [previously imposed].

[APPELLANT]: Yes.

[DEFENSE COUNSEL]: **You have thirty days from today to ask me in writing to file an appeal to the Superior Court on the limited grounds His Honor has gone over with you earlier. And ten days from today to ask me to write to withdraw this plea if that's what you wish to do**.
Do you understand that?

[APPELLANT]: Yes.

*Id.* at 35-36 (emphasis added).

Despite the PCRA court's contentions, nowhere in the record does Appellant waive his appellate rights. To the contrary, both the court and counsel explained those rights to Appellant, including the right to challenge counsel's stewardship of the case. Accordingly, based upon the foregoing, we hold that the PCRA court erred in concluding that there were no genuine issues of material fact and denying Appellant relief without an evidentiary hearing. **See Springer**, *supra.* Thus, we vacate the order of the PCRA court and remand for an evidentiary hearing on Appellant's allegation that trial counsel was ineffective for failing to file a direct appeal on his behalf.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014