J-S35042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD H. CURLEY, | |
| Appellant | No. 3097 EDA 2014 |

Appeal from the PCRA Order September 26, 2014
in the Court of Common Pleas of Wayne County
Criminal Division at No.: CP-64-CR-0000493-2001

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 10, 2015**

Appellant, Todd H. Curley, appeals *pro se* from the denial of his petition for writ of *habeas corpus*, which the court treated as an untimely petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 15, 2002, the Commonwealth filed an information charging Appellant with criminal homicide for the murder of Michael Marquez.  On October 3, 2002, Appellant entered a plea of *nolo contendere* to murder of the second degree.[1]  The court sentenced Appellant to life without parole, and denied his post-sentence motion.  This Court affirmed Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(b).

sentence on October 21, 2003. (*See Commonwealth v. Curley*, 839 A.2d 1151 (Pa. Super. 2003) (unpublished memorandum)). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 21, 2009, Appellant filed his first *pro se* PCRA petition. Appointed counsel filed an amended petition, and the court issued a Rule 907 notice of its intent to dismiss. *See* Pa.R.Crim.P. 907(1). On December 27, 2012, the PCRA court dismissed the petition without a hearing. This Court affirmed the decision of the PCRA court on June 11, 2013, and our Supreme Court denied review on November 19, 2013. (*See Commonwealth v. Curley*, 82 A.3d 459 (Pa. Super. 2013), *appeal denied*, 622 Pa. 755 (Pa. 2013)).

On February 12, 2014, Appellant filed a *pro se* petition for writ of *habeas corpus*, and on September 8, 2014, he filed a supplement thereto. The court treated these requests for relief as a second PCRA petition, and denied them as untimely on September 26, 2014.[2] Appellant timely appealed.[3]

---

[2] Our review of the record reveals that the court did not issue a Rule 907 notice before denying the petitions. However, Appellant has not raised this issue, and therefore it is waived. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). "Moreover, even if the issue is raised, where the petition is untimely, it does not automatically warrant reversal." *Id.* (citation omitted).

[3] On October 24, 2014, the PCRA court ordered Appellant to file a Rule 1925(b) statement within twenty-one days. (*See* Order, 10/24/14, at 1);
*(Footnote Continued Next Page)*

Appellant raises two questions for our review:

[1.] Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum* concluding allegation fits squarely within the purview of the PCRA where Appellant sought relief from his illegal confinement because the restraint of his liberty is based on the absence of a sentencing order containing the statute under Pennsylvania law that the judge received statutory authorization from to impose the sentence for the Pennsylvania Department of Corrections to detain him which is required pursuant to 42 Pa.C.S.[A.] Section 9764(a)(8), is not cognizable under the PCRA because it challenges the commitment and detention sounding in *habeas corpus* and it is not the duration or severity of the sentence that renders the restraint constitutionally invalid?

[2.] Whether the [PCRA] court abused its discretion in dismissing Appellant's supplemental petition for *habeas corpus* relief alleging entitlement to relief from his illegal confinement because the restraint of his liberty is based on a sentencing process that violated due process of law where the court imposed sentence after being adjudicated guilty of second degree murder following a plea of *nolo contendre* [sic] after being charge[d] with criminal homicide therefore sentenced for

_(Footnote Continued)_ ————————————

Pa.R.A.P. 1925(b). On December 5, 2014, the court issued a Rule 1925(a) opinion in which it stated that Appellant had failed to file a Rule 1925(b) statement. (**See** PCRA Court Opinion, 12/05/14, at 1). On December 18, 2014, Appellant filed an application to enter his Rule 1925(b) statement *nunc pro tunc* on the basis that he had not received the court's earlier order. (**See** Application for *Nunc Pro Tunc* Relief, 12/18/14, at 1). This Court issued a *per curiam* order on January 14, 2015 in which we directed the PCRA court to decide Appellant's application. (**See** *Per Curiam* Order, 1/14/15, at 1).

Thereafter, the PCRA court granted Appellant's request for relief and ordered him to file a Rule 1925(b) statement within twenty-one days. (**See** Order, 1/22/15, at 1); Pa.R.A.P. 1925(b). On February 3, 2015, Appellant filed a timely statement pursuant to the court's order, and the court filed an opinion on March 3, 2015. **See** Pa.R.A.P. 1925.

an offense for which he never received notice he was charged with?

(Appellant's Brief, at 3 (most capitalization omitted)).

We first consider whether the court properly treated Appellant's petition for writ of *habeas corpus*, and supplement thereto, as a PCRA petition. It is well-established that "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." **Commonwealth v. Hackett**, 956 A.2d 978, 985 (Pa. 2008), *cert. denied*, 556 U.S. 1285 (2009) (citations omitted); **see also** 42 Pa.C.S.A. § 9542; 42 Pa.C.S.A. § 6503(b) ("[T]he writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). As explained by this Court:

> Simply stated, the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA. . . . The writ continues to exist, but is available only in cases in which no remedy is provided under the PCRA. The fact that a particular petitioner is precluded by the . . . timing requirements of the PCRA from presenting claims that would otherwise have been cognizable does not entitle him to *habeas corpus* relief.
>
> *Habeas corpus* is an extraordinary remedy **which may be invoked only when remedies in the ordinary course have been exhausted or are not available.** A judgment rendered in the ordinary course is beyond the reach of *habeas corpus* and cannot be put aside lightly. The presumption of regularity becomes stronger the longer the conviction stands. Consequently, a writ of *habeas corpus* generally is not available to review a conviction which has been affirmed on appeal. Furthermore, *habeas corpus* may not be used to litigate claims of ineffective assistance of counsel[.]

*Commonwealth v. Johnson*, 732 A.2d 639, 644 (Pa. Super. 1999) (citations and quotation marks omitted) (emphasis added); *see also Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) ("[T]he PCRA provides the sole means for obtaining collateral review, and . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted).

Here, the court sentenced Appellant on October 3, 2002, in ordinary course, after his *nolo contendere* plea to second degree murder, and this Court affirmed the judgment of sentence on October 21, 2003. Accordingly, Appellant's attempt to challenge the trial court's judgment of sentence in a writ of *habeas corpus* nearly twelve years later is unavailing. *See Johnson*, *supra* at 644.

Further, we note that, to the extent that Appellant's writ raised issues not cognizable by the PCRA, we conclude that these issues are waived where they could have been pursued in his direct appeal. *See id.* Specifically, in Appellant's writ, he alleges that the court erred in imposing his sentence on the record, but not in a separate sentencing order; and that his conviction of second degree murder was illegal where he did not receive notice of the charge. (*See* Writ of *Habeas Corpus*, 2/12/14, at 6 ¶ 31; Supplemental Writ of *Habeas Corpus*, 9/08/14, at 2-3 ¶¶ 13-14). These are claims that

Appellant could have invoked in his direct appeal and, therefore, *habeas corpus* relief is unavailable. **See Johnson**, **supra** at 644.

Moreover, Appellant's writ asserted ineffectiveness of counsel as an alternative theory of relief, a claim cognizable under the PCRA. (**See** Petition for Writ of *Habeas Corpus*, 2/12/14, at 4 ¶ 20); **see also** 42 Pa.C.S.A. § 9543(a)(2)(ii). Therefore, a writ of *habeas corpus* was unavailable for this allegation. **Hackett**, **supra** at 985; **Johnson**, **supra** at 644.

Accordingly, we conclude that the court did not err in addressing Appellant's *habeas corpus* petition under the PCRA. **See Fowler**, **supra** at 591; **Johnson**, **supra** at 644.

We consider next whether the court erred when it found that Appellant's petition was untimely, and that he did not properly plead an exception to the PCRA time-bar. (**See** Order, 9/26/14, at 1 n.1). We conclude that this finding was not in error.

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his petition on February 12, 2014. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . ." 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on November 20, 2003, thirty days after this Court affirmed the judgment of sentence, and the time for filing an appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year, until November 22, 2004,[4] to file a timely PCRA petition. Because Appellant did not file his current petition until February 2014, nearly ten years later, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[4] November 20, 2004 fell on a Saturday. ***See*** 1 Pa.C.S.A. § 1908.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008). Therefore, an appellant must acknowledge that his PCRA petition is untimely, and demonstrate that one or more of the statutory exceptions applies. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1125-26 (Pa. 2005).

Here, Appellant does not acknowledge that his PCRA petition is facially untimely, or attempt to demonstrate the applicability of any of the time-bar exceptions. (*See* Appellant's Brief, at 7-11). Additionally, the facts underlying his claims would have been available at the time of sentencing in

2002.[5]  Therefore, his 2014 petition was not filed "within [sixty] days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Accordingly, the PCRA court did not err when it denied Appellant's petition as untimely with no exception proven.  **See Carter**, **supra** at 682.  Appellant's issues do not merit relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015

---

[5] Appellant's writ alleged that he did not become aware of the fact that there was no written sentencing order until January 15, 2014, and that, therefore, his petition was timely.  (**See** Petition for Writ of _Habeas Corpus_, 2/12/14, at 2 ¶ 7; 4 ¶ 20).  However, even if not abandoned in his brief, this argument would not merit relief.  Facts contained in Appellant's record are not new and do not satisfy an exception to the timeliness requirements of the PCRA.  **See Commonwealth v. Heredia**, 97 A.3d 392, 395 n.6 (Pa. Super. 2014), _appeal denied_, 104 A.3d 524 (Pa. 2014).